## D. V. DRAPER *v.* J. MUNTZ.

**Evidence as to Character.**

　A witness should not be allowed to testify as to the general character of a party who had testified, when such character witness does not first say that he was acquainted with the party's general character.

**Contract of Hiring Horse.**

　One who hires a horse of another contracts to take good and reasonable care of the horse and to supply the same with suitable food during the time of said hiring.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

April 6, 1878.

OPINION BY JUDGE LINDSAY:

The court erred in permitting the witness, B. H. Allen, to testify as to the general character of the appellant, who had himself testified in this case as a witness. Allen could not say that he was acquainted with his general character. He has heard witnesses speak about it in another trial. He does not say that those witnesses were the neighbors of appellant, nor that they were acquainted with what his neighbors and acquaintances generally thought of him as a man of truth and veracity.

Incompetent witnesses may have been allowed to testify on that occasion, and Allen did not state facts showing that those witnesses were within the class of persons whose opinions go to establish the general character of the witnesses whose character was the subject of investigation.

The court erred in giving instruction No. 1 asked for by appellee. Appellant's evidence all tended to show that no improper food was given to the horse while in his possession. Appellee attempted to contradict this evidence by the circumstance that when sick the horse vomited green corn. The evidence offered on both sides may have been true, and yet some person, without the knowledge or con-

sent of appellant, or of any person authorized or permitted by him to have access to the horse, may have given him green corn; and the instruction authorized a recovery against him, even in this state of case, and notwithstanding the jury may have believed that he exercised reasonable care to prevent the improper food from being given the horse.

Instruction No. 3 is also erroneous. If the horse had met with an accident, or had eaten improper food whilst being driven beyond Alexander's house, appellant would have been answerable, notwithstanding the exercise of reasonable care and prudence on his part; but there is no evidence whatever even tending to show that the drive of two miles beyond Alexander's had any connection, direct or remote, with the sickness and death of the horse.

Instruction No. 1, asked for by appellant, should have been given, and the error in refusing said instruction was not cured by instruction No. 1, given by the court of its own motion. Said last named instruction intimates that the jury might find that there was a special contract entered into at the time of the hiring, as to the kind of food to be furnished the horse by the defendant. No such contract is set up in the petition. The contract declared on is in this regard the contract implied by law, that the hirer would take such care of the horse as an ordinary prudent man would under like circumstances take of his own horse.

The petition states that appellant hired the horse to drive to the residence of Alexander, and that he was to return him to appellee the next morning; he therefore and thereby contracted and agreed to take good and reasonable care of said horse, and to supply the same with suitable food during the time of the said hiring. No special contract concerning the food to be given the horse, as implied by the pleader and intimated by the court, followed as matter of law from the ordinary contract of hiring thus set up in the petition.

For these reasons the judgment is *reversed* and cause remanded for a new trial on principles not inconsistent with this opinion.

*Edwards & Seymour, for appellant.*

*W. R. Abbott, Hogan & Carruth, for appellee.*